RODRÍGUEZ ET AL. *v.* GONZÁLEZ.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 584.—Resuelto en enero 12, 1911.

</div>

APELACIÓN—TRANSCRIPCIÓN DE AUTOS.—En los casos en que la transcripción de autos contuviere algún documento que no hubiere sido debidamente certificado, deberá seguirse la práctica de solicitar su eliminación por medio de una moción presentada al efecto.

ID.—En la transcripción presentada en el caso de autos, los documentos que constituyen el legajo de la sentencia aparecen debidamente certificados por el secretario de la corte, y la relación de hechos contenida en la misma transcripción, ha sido certificada por el abogado del apelante solamente. *Se re-*

*solvió* que la transcripción de autos debe prepararse en forma tal que constituya un solo documento, acabado y completo, y no fraccionado, y que como la copia de la relación de hechos no estaba certificada por el secretario, ni por los abogados de ambas partes, de acuerdo con la jurisprudencia del tribunal, no podía ser considerada, procediendo la confirmación de la sentencia, por ser cuestiones de prueba las únicas alegadas como fundamentos del recurso.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Rafael López Landrón.*

Abogado del apelado: *Sr. Tomás Bernardini de la Huerta.*

EL JUEZ ASOCIADO, SR. WOLF, emitió la opinión del tribunal.

En la vista del presente caso, y no antes, el apelado afirmaba que debía confirmarse la sentencia, por no estar debidamente certificada la exposición del caso. En esta clase de casos, es mejor la práctica de presentarse, por el apelado, una moción, solicitando que se eliminen de los autos, los documentos que no estén debidamente certificados.

En los autos que tenemos a la vista, hay copias de los documentos que forman el legajo de la sentencia, así como de ciertas mociones presentadas durante la tramitación del pleito, y todas esas copias están certificadas por el secretario de la corte de distrito, y cada hoja lleva estampado en ella, el sello del tribunal. Precede a esas páginas la citada exposición del caso que, según su tenor, es una copia de la exposición original firmada por el Juez de la Corte de Distrito de Guayama. Ninguna de las páginas de dicha exposición, lleva estampado en ella el sello de la corte, ni está certificada por el secretario de la misma. En una página separada que sigue á la que contiene la certificación del secretario, aparece una declaración del abogado del demandante y apelante, en que certifica respecto de la exactitud de la exposición del caso. El abogado del apelante firma solo. En el caso de *A. R. R. Co.* v. *Corte Municipal de Ponce,* resuelto en 4 de abril de 1910, resolvimos claramente que una copia, certificada por el apelante solamente, no estaba ajustada a las disposiciones de la ley. Es verdad, que permitimos que se celebrasen las vistas de casos

pendientes, a causa de nuestra práctica anterior, fundada en la teoría de la renuncia voluntaria por parte del apelado; y asimismo permitimos que se retirasen algunos casos, para que pudieran presentarse las debidas certificaciones; pero declaramos al mismo tiempo, que, en lo futuro, tendrían que observarse las disposiciones del artículo 302. En el caso que tenemos a la vista, no se hizo esfuerzo alguno para lograr que la exposición del caso formara parte de los mismos autos. Además, el récord no debe presentarse dividido. En el presente caso, hay una certificación del secretario que lleva fecha de 27 de junio; y hay otra, extendida por el abogado, que tiene la fecha de 28 del mismo mes. El récord presentado a los efectos de la apelación, debe ser un solo documento y debe estar completo. Toda vez que las únicas cuestiones planteadas por el apelado, surgen de la prueba, debe confirmarse la sentencia.

<div align="right">*Confirmada.*</div>

Jueces concurrentes: Sres. Asociados MacLeary y del Toro.

El Juez Presidente, Sr. Hernández, no tomó parte en la resolución de este caso.